**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ADVANCED WOUND CARE, LLC, D/B/A WOUNDGENEX**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C., and ALLISON BURKETT, M.D.,**<br><br>**Defendants.** | ) | **CASE NUMBER 5:26-CV-00207-MTT** |

## DEFENDANTS' ANSWER

COME NOW Allison Burkett, M.D. ("**Dr. Burkett**") and Middle Georgia Vascular Surgery Center L.L.C. ("**MGVSC**" and, collectively with Dr. Burkett, "**Defendants**") and file their *Answer* in response to Plaintiff Advanced Wound Care, L.L.C. d/b/a WoundGenex ("**WoundGenex's**" or "**Plaintiff's**") *Complaint and Demand for Jury Trial*, respectfully showing:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, consent, authorization, unclean hands, and promissory estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable for Plaintiff's claims because the underlying agreement was entered into by an unauthorized third party without Defendants' knowledge, consent, or legal authority, rendering the contract void and unenforceable against Defendants.

**Defendants reserve the right to allege defenses as they may become known through the course of discovery.**

## RESPONSIVE PLEADINGS

Defendants now respond to each of the numbered paragraphs of the Complaint as follows:

## NATURE OF THE ACTION

1. A response to paragraph 1 is not required. However, if a response is required, then denied.

2. Defendants lack sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 2. If a response is required, then denied.

3. Admitted.

4. Admitted.

5. Defendants admit that Dr. Burkett is the sole owner, principal, or managing member of Defendant MGVSC. The remaining allegations in paragraph 5 constitute legal conclusions for which a response is not required. If a response is required to those remaining allegations, then denied.

6. The allegations in paragraph 6 constitute legal conclusions for which a response is not required. If a response is required, then denied.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 constitute legal conclusions for which a response is not required. If a response is required, then denied.

8. Admitted.

9. Defendants admit that Dr. Burkett is the sole owner, principal, or managing member of Defendant MGVSC. Defendants also admits that the Court has personal jurisdiction over Dr. Burkett. The remaining allegations in paragraph 9 constitute legal conclusions for which a response is not required. If a response is required to those remaining allegations, then denied.

10. Admitted.

## FACTUAL BACKGROUND

11. Denied.

12. Denied.

13. Defendants lack sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 13. If a response is required, then denied.

14. Defendants lack sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 14. If a response is required, then denied.

15. Denied.

16. Denied.

17. Defendants admit that WoundGenex issued the invoices as alleged. Defendants deny any and all remaining allegations in paragraph 17.

18. Defendants admit that Plaintiff made payment demands and that Defendants have not satisfied such payment demands. Defendants deny any and all remaining allegations in paragraph 18.

19. Denied.

20. Defendants lack sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 20. If a response is required, then denied.

21. Denied.

22. Denied.

23. Defendants lack sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 23. If a response is required, then denied.

24. Defendants admit that Dr. Burkett is the sole owner, principal, and/or managing member of MGVSC and admit that she is ultimately responsible for the bank accounts and finances of MGVSC. Defendants deny any and all remaining allegations in paragraph 24.

25. Denied.

26. Denied.

**COUNT I – BREACH OF CONTRACT**

**(Against Defendant MGVSC)**

27. Defendants incorporate their responses to the forgoing paragraphs as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**COUNT II – UNJUST ENRICHMENT**

**(Against All Defendants)**

34. Defendants incorporate their responses to the forgoing paragraphs as if fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Paragraph 39 constitutes legal conclusions (about equitable concepts) for which a response is not required. If a response is required to those remaining allegations, then denied.

40. Denied.

**COUNT III – ACCOUNT STATED**

**(Against Defendant MGVSC)**

41. Defendants incorporate their responses to the forgoing paragraphs as if fully set forth herein.

42. Denied.

43. Defendants admit that WoundGenex rendered to Defendant MGVSC invoices reflecting amounts alleged as owning by Defendant MGVSC to WoundGenex. Defendants deny any and all remaining allegations in paragraph 43.

44. Admitted.

45. Denied.

46. Denied.

**COUNT IV – CONVERSION**

**(Against All Defendants)**

47. Defendants incorporate their responses to the forgoing paragraphs as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendants admit that Plaintiff made payment demands and that Defendants have not satisfied such payment demands. Defendants deny any and all remaining allegations in paragraph 53.

54. Denied.

**DEMAND FOR JURY TRIAL**

55. Defendants acknowledge Plaintiff's demand for a trial by jury on all issues so triable and hereby by the same demand for a trial by jury.

**Defendants hereby deny any and all allegations in the Complaint that Defendants have not otherwise already responded to above.**

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that this Court:

(a) dismiss Plaintiff's Complaint, with all costs taxed to Plaintiff;

(b) grant judgment in favor of Defendants and against Plaintiff, with Plaintiff recovering nothing;

(c) award Defendants their attorneys' fees and costs to the fullest extent permitted by and pursuant to each and every theory recognized at law or equity; and

(d) grant Defendants such other and further relief as is just and equitable.

Respectfully submitted this the 25th day of June, 2026.

**STONE & BAXTER, LLP**
BY:

*/s/ David L. Bury, Jr.*

David L. Bury, Jr. 133066
Georgia Bar No.
E. Tate Crymes
Georgia Bar No. 486182

*Counsel for Defendants*

577 Third Street
Macon, Georgia 31201
(478) 750-9898
(478) 750-9899 (fax)
dbury@stoneandbaxter.com
tcrymes@stoneandbaxter.com

G:\CLIENTS\Middle Georgia Vascular Surgery Center and Vein Solutions, LLC\Wound Care v. MGVSC\MGVSC Answer (06.25.26) (ETC Draft).docx

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing *Answer* electronically using the case filing system and on the following named party by placing a copy of the same in the United States mail in a properly addressed envelope with adequate postage affixed thereto, as follows:

THE HEALTH LAW PARTNERS, P.C.
Clinton Mikel, Esq.
32000 Northwestern Highway, Suite 240
Farmington Hills, Michigan 48334
cmikel@thehlp.com

This 25th day of June, 2026.

*David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066

577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)

*Counsel for Defendants*