UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ADVANCED WOUND CARE, LLC,
d/b/a WOUNDGENEX

Plaintiff,

Case No. 5:26-cv-00207-MTT

vs.

MIDDLE GEORGIA VASCULAR
SURGERY CENTER L.L.C., and
ALLISON BURKETT, M.D.

Defendants.

THE HEALTH LAW PARTNERS, P.C.
Clinton Mikel, Esq.
*Attorneys for Plaintiff*
32000 Northwestern Highway,
Suite 240
Farmington Hills, MI 48334
Tel: (248)996-8510
cmikel@thehlp.com

STONE & BAXTER, LLP
David Bury, Esq.
*Attorneys for Defendants*
577 Third Street
Macon, GA 31201
Tel: (478) 750-9898
dbury@stoneandbaxter.com

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B)(1), FOR LEAVE TO FILE SUPPLEMENTAL JURISDICTIONAL STATEMENT, AND TO RESTORE STAYED POSTURE**

Plaintiff, Advanced Wound Care, LLC, d/b/a WoundGenex ("**WoundGenex**" or "**Plaintiff**"), respectfully moves under Federal Rule of Civil Procedure 60(b)(1) for relief from the Court's August 21, 2026 Order dismissing this action without prejudice, ECF 15, and the Judgment entered the same day, ECF 16.

Plaintiff acknowledges that it did not timely file the supplemental jurisdictional statement required by the Court's July 14, 2026, Order. Plaintiff has now supplied the required citizenship

allegations through its contemporaneously filed Supplemental Jurisdictional Statement. As set forth in the accompanying Declaration of Clinton Mikel, affixed hereto as **Exhibit A**, Plaintiff's failure to timely make that filing resulted from an internal administrative and workflow error following the entry of two separate July 14 orders: an order directing supplemental jurisdictional information and a later order staying all aspects of the action after both Defendants filed Chapter 11 petitions.

Plaintiff does not contend that the automatic stay excused compliance with the Court's jurisdictional directive. Nor does Plaintiff currently seek to resume litigation against either debtor in violation of the stay. The requested relief is limited: Plaintiff asks the Court to accept the Supplemental Jurisdictional Statement, vacate the dismissal and Judgment, and return this case to the stayed posture already ordered by the Court. That relief will not disturb the automatic stay, impose litigation obligations on either bankruptcy estate, or permit Plaintiff to pursue merits discovery, collection, enforcement, or any other substantive relief.

Counsel for Plaintiff contacted counsel for Defendants by email and telephone on August 25, 2026, to inquire whether Defendants would concur in the limited relief requested by this Motion. As of the time of filing, Plaintiff had received no response.

## I. RELEVANT BACKGROUND

1. Plaintiff filed this action on May 22, 2026, against Defendants Middle Georgia Vascular Surgery Center, L.L.C. ("**MGVSC**") and Allison Burkett, M.D. ("**Dr. Burkett**") (collectively, "**Defendants**"). Plaintiff invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332. ECF 1.

2. On July 1, 2026, MGVSC and Dr. Burkett each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Defendants thereafter filed notices concerning the resulting automatic stay in this action. ECF 9, 10.

3. On July 14, 2026, the Court entered an order requiring Plaintiff and MGVSC to identify the citizenship of their respective LLC members (the "**Jurisdictional Statement Order**"). The Jurisdictional Statement Order recognized the Chapter 11 filings and resulting automatic stay, but explained that the Court was nevertheless required to determine whether it possessed subject-matter jurisdiction. The Court directed the parties to provide the required member-citizenship information no later than July 28, 2026. ECF 12.

4. Later that day, the Court entered a separate Order Staying Case on Notice of Bankruptcy (the "**Stay Order**"). The Stay Order explained that judicial proceedings against Defendants were automatically stayed and ordered that this case be "STAYED in its entirety." ECF 13.

5. Plaintiff did not file its supplemental jurisdictional statement by July 28. As explained in Mr. Mikel's accompanying declaration, counsel received both orders, but the Stay Order's subsequent entry and broad language led to an internal procedural misunderstanding and a related calendaring failure. The deadline established in the Jurisdictional Statement Order was not calendared, and the required filing was not made. **Exhibit A -** Mikel Decl. ¶¶ 6–9.

6. That omission was not deliberate. Plaintiff had no reason to withhold the information required to establish the Court's jurisdiction and gained no tactical advantage from failing to provide it. *Id.* at ¶ 10. Plaintiff acknowledges that the missed deadline remained its responsibility.

7. On August 21, 2026, the Court entered an Order dismissing this action without prejudice because Plaintiff had not responded to the Jurisdictional Statement Order (the "**Dismissal Order**"). ECF 15. Judgment was entered the same day. ECF 16.

8. Plaintiff promptly reviewed the Dismissal Order and Judgment, identified the missed filing, and verified the citizenship of its members as of the date this action commenced. Mikel Decl. ¶¶ 12–13. Plaintiff's Supplemental Jurisdictional Statement identifies Plaintiff's two members, Tom Smith and David Drabo, and affirms that each was a citizen and domiciliary of Florida when this action was filed. Together with the record as to Defendants' citizenship, the Supplemental Jurisdictional Statement establishes complete diversity.

9. Since the Stay Order was entered, no discovery, Rule 26(f) conference, merits hearing, collection effort, enforcement activity, or other substantive litigation activity has occurred in this action. **Exhibit A -** Mikel Decl. ¶ 14.

## II. RULE 60(b)(1) AUTHORIZES RELIEF

Rule 60(b)(1) permits a court to relieve a party from a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Neglect" includes omissions resulting from carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).

The excusable-neglect inquiry is equitable. Courts consider "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. The Eleventh Circuit applies that framework when

evaluating Rule 60(b)(1) motions. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849–50 (11th Cir. 1996).

In *Cheney*, the Eleventh Circuit found that a six-day delay arising from an attorney-side communication failure could constitute excusable neglect under the *Pioneer* framework. *Id.* at 850. The court recognized that the reason for the failure must be considered alongside the prejudice, delay, and good-faith factors. *Id.*

Similarly, *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.* recognizes that a factual communication or administrative breakdown may support Rule 60(b)(1) relief where the surrounding equitable considerations favor relief. 591 F.3d 1337, 1355–57 (11th Cir. 2009).

Plaintiff recognizes the limit on this principle. An attorney's misunderstanding of a clear court rule or order, standing alone, does not establish excusable neglect. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997–98 (11th Cir. 1997). Plaintiff does not argue that the Stay Order legally excused compliance with the Jurisdictional Statement Order, or that the Jurisdictional Statement Order was unclear. The basis for this motion is instead the specific, non-willful administrative and workflow failure described in the Mikel Declaration: the later-entered Stay Order caused Plaintiff's litigation team to incorrectly understand that no further civil-case activity should occur, and the July 28 deadline was consequently not calendared. **Exhibit A** - Mikel Decl. ¶¶ 6–9.

## III. THE *PIONEER* FACTORS SUPPORT AND FAVOR RELIEF

### A. Vacatur Will Not Prejudice Defendants or Either Bankruptcy Estate

The relief Plaintiff seeks is narrow: Plaintiff does not seek an adjudication on the merits, discovery, a scheduling order, a hearing on its claims, collection activity, enforcement activity, or relief from the automatic stay.

Plaintiff asks only that the Court accept the Supplemental Jurisdictional Statement, vacate the Dismissal Order and Judgment, and restore the case to the stayed posture that existed immediately before dismissal. The Stay Order would remain in effect. ECF 13. Neither Defendant nor either bankruptcy estate would be required to litigate, respond to discovery, or take any action in this case.

The requested relief therefore preserves, rather than alters, the status quo established by the Stay Order. And the jurisdictional-pleading defect that caused dismissal has now been cured. Plaintiff has provided the information necessary for the Court to determine that complete diversity existed when the action commenced.

**B. The Delay Has Had No Effect On The Proceedings**

The action has remained stayed since July 14, 2026. ECF 13. No merits proceedings have occurred since then. No discovery has begun, no Rule 26(f) conference has been conducted, no hearing has taken place, and no party has undertaken collection or enforcement activity. **Exhibit A -** Mikel Decl. ¶ 14.

The delay therefore has not disrupted a scheduling order, postponed merits litigation, required the Court to revisit substantive rulings, or imposed litigation costs on Defendants. Granting this motion would not restart the litigation. It would return the matter to the same stayed posture it occupied immediately before dismissal.

Plaintiff also acted promptly. The Dismissal Order and Judgment were entered on August 21, 2026. ECF 15, 16. Plaintiff immediately reviewed the docket and relevant orders, identified the missed filing, confirmed the citizenship of its members, prepared the Supplemental Jurisdictional Statement, and moved for relief. **Exhibit A -** Mikel Decl. ¶¶ 12–13.

### C. The Missed Deadline Resulted From An Isolated Internal Error, Not Willful Disregard

Plaintiff acknowledges that the July 28 deadline was its responsibility. The Jurisdictional Statement Order directed Plaintiff to provide the citizenship information by that date. ECF 12. Plaintiff does not claim that it lacked notice of the Order, that the Court's directive was unclear, or that the automatic stay legally suspended its obligation to comply.

But the fact that the deadline was within Plaintiff's control does not end the Rule 60(b)(1) analysis. *Pioneer* directs courts to consider that fact alongside prejudice, delay, and good faith. 507 U.S. at 395. *Cheney* confirms that attorney-side communication failures may constitute excusable neglect where the circumstances otherwise favor relief. 71 F.3d at 849–50.

Here, two orders were entered on the same day. The first required supplemental jurisdictional information. The second, entered later that day, stayed the matter in its entirety following Chapter 11 bankruptcy filings by both Defendants. The broad language of the subsequently entered Stay Order led to an internal procedural misunderstanding and a failure to calendar the separate deadline set forth in the Jurisdictional Statement Order. Mikel Decl. ¶¶ 6–9.

Again, Plaintiff does not offer that misunderstanding as a legal excuse. It was an error, and Plaintiff accepts responsibility for it. Id. ¶ 9. But it was not an intentional decision to disregard the Court's directive or a tactical decision to delay the case.

Plaintiff obtained no advantage whatsoever from the omission, as the missing citizenship information was necessary for the Court to establish subject-matter jurisdiction. Without it, Plaintiff could not preserve this action in federal court even after the automatic stay was lifted. *Id.* ¶ 10.

The Middle District of Georgia's decision in *Okehi v. Security Bank of Bibb County* is instructive. 199 F.R.D. 388 (M.D. Ga. 2001). In *Okehi*, the court found excusable neglect where a party failed to respond in a timely manner due to confusion arising from contemporaneous proceedings. *Id.* at 392–93. Although *Okehi* addressed a default judgment, the court's analysis considered the reason for the omission alongside the absence of prejudice, the lack of disruption to the proceedings, the prompt request for relief, and the absence of bad faith. *Id.* Those same considerations favor relief here.

**D. Plaintiff Acted in Good Faith and Acted Promptly to Cure the Omission**

Nothing about the missed filing benefitted Plaintiff. It created a jurisdictional problem and led to dismissal of Plaintiff's action. The record contains no indication that Plaintiff sought delay, attempted to gain leverage, or acted in bad faith.

Plaintiff's prompt response to dismissal confirms that point. After receiving the Dismissal Order and Judgment, Plaintiff immediately identified the error, verified its members' citizenship as of the filing date, and supplied the information the Court had requested. **Exhibit A -** Mikel Decl. ¶¶ 12–13.

Plaintiff is not invoking Rule 60(b)(1) to gain additional time to litigate against Chapter 11 debtors. It seeks only to cure the jurisdictional allegations, vacate the dismissal and Judgment, and

restore the matter to the existing stayed posture. That combination of prompt cure, no prejudice, no adverse impact on the proceedings, and no tactical purpose supports relief under Rule 60(b)(1).

## IV. THE REQUESTED RELIEF DOES NOT DISTURB THE AUTOMATIC STAY

Plaintiff recognizes that both Defendants remain Chapter 11 debtors and that the automatic stay remains in effect. Plaintiff does not seek relief from the stay under 11 U.S.C. § 362(d), nor does Plaintiff ask this Court to enter a merits ruling or take any action against either Defendant or property of either bankruptcy estate.

Rather, the motion seeks only to correct the jurisdictional record, vacate a procedural dismissal caused by a now-cured pleading omission, and restore the case to the posture imposed by the Stay Order. ECF 13. The case would remain stayed in its entirety after reinstatement. No merits proceedings would occur unless and until the stay is terminated, modified, or otherwise no longer applies.

Plaintiff does not ask the Court to decide whether every Rule 60(b) motion may be adjudicated during an automatic stay. The relief sought here is limited to restoring this particular case to its prior stayed status. If the Court concludes that further bankruptcy-court authorization is necessary before it may grant this limited relief, Plaintiff respectfully requests leave to obtain that authorization and supplement the record.

## V. CONCLUSION AND REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Grant Plaintiff's Motion under Federal Rule of Civil Procedure 60(b)(1);

B. Vacate the August 21, 2026, Dismissal Order, ECF 15, and the Judgment entered the same day, ECF 16;

C. Accept Plaintiff's contemporaneously filed Supplemental Jurisdictional Statement;

D. Reinstate this action; and

E. Restore this action to the stayed posture established by the Court's July 14, 2026, Stay Order, ECF 13, without authorizing merits litigation or modifying the automatic stay.

Dated: August 25, 2026

Respectfully submitted,

THE HEALTH LAW PARTNERS, P.C.

By: /s/ *Clinton Mikel*

Clinton Mikel, Esq.
32000 Northwestern Hwy, Suite 240
Farmington Hills, MI 48334
Email: cmikel@thehlp.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing were served on all parties and counsel of record via the Court's CM/ECF filing system on this 25th day of August, 2026, in accordance with Fed. R. Civ. P. 5(b)(2).

/s/ Clinton Mikel
Clinton Mikel, Esq.