UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ADVANCED WOUND CARE, LLC,
d/b/a WOUNDGENEX

Plaintiff,

Case No. 5:26-cv-00207-MTT

vs.

MIDDLE GEORGIA VASCULAR
SURGERY CENTER L.L.C., and
ALLISON BURKETT, M.D.

Defendants.

THE HEALTH LAW PARTNERS, P.C.
Clinton Mikel, Esq.
*Attorneys for Plaintiff*
32000 Northwestern Highway,
Suite 240
Farmington Hills, MI 48334
Tel: (248)996-8510
cmikel@thehlp.com

STONE & BAXTER, LLP
David Bury, Esq.
*Attorneys for Defendants*
577 Third Street
Macon, GA 31201
Tel: (478) 750-9898
dbury@stoneandbaxter.com

**DECLARATION OF CLINTON MIKEL IN SUPPORT OF PLAINTIFF'S RULE 60(b)(1) MOTION**

I, Clinton Mikel, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am counsel of record for Plaintiff Advanced Wound Care, LLC, d/b/a WoundGenex ("**WoundGenex**" or "**Plaintiff**"), in this action. I submit this declaration in support of Plaintiff's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(1). Unless otherwise stated, the facts set forth below are based on my personal knowledge, my review of the docket and filings in this action, and records maintained in the ordinary course of Plaintiff's counsel's representation.

2. Plaintiff commenced this action on May 22, 2026, against Defendants Middle Georgia Vascular Surgery Center, L.L.C. ("**MGVSC**") and Allison Burkett, M.D. Defendants filed their answer on June 25, 2026. ECF 7. No discovery commenced, no Rule 26(f) conference occurred, and no substantive motion practice or merits hearing took place before the matters described below.

3. On July 1, 2026, MGVSC and Dr. Burkett each filed Chapter 11 bankruptcy petitions. Defendants thereafter filed notices of the resulting automatic stay in this action on July 6, 2026.

4. On July 14, 2026, the Court entered an order addressing deficiencies in the parties' jurisdictional statements (the "**Jurisdictional Statement Order**"). The Jurisdictional Statement Order recognized that the case was subject to the automatic stay but explained that the Court was still required to determine whether it possessed subject-matter jurisdiction. The Court directed Plaintiff and MGVSC to file statements identifying the citizenship of their respective members by July 28, 2026. ECF 12.

5. Later that same day, the Court entered a separate Order Staying Case on Notice of Bankruptcy (the "**Stay Order**"). The Stay Order stated that all judicial proceedings against the debtors were automatically stayed and ordered that this case be "STAYED in its entirety." ECF 13.

6. I received notice via the Court's CM/ECF filing system of both the Jurisdictional Statement Order and the Stay Order. In accordance with the ordinary internal workflow for this matter, I forwarded the docket notices for review and follow-up by a member of Plaintiff's litigation team working under my supervision.

7. The Stay Order's subsequent entry and broad language caused Plaintiff's litigation team to understand, incorrectly, that further activity in the civil action—including the supplemental jurisdictional filing directed in the Jurisdictional Statement Order—was no longer required or permitted unless and until the stay was lifted or the Court provided additional direction.

8. That understanding was incorrect. The Jurisdictional Statement Order itself expressly stated that the Court was required to determine its subject-matter jurisdiction notwithstanding the automatic stay and separately directed Plaintiff to file the requested member-citizenship information by July 28, 2026. ECF 12.

9. Because of the team's incorrect procedural understanding of the effect of the Stay Order, the July 28 deadline was not calendared, and the supplemental jurisdictional statement was not filed. The failure was an internal administrative and workflow error. It was not a tactical decision, an effort to delay the matter, an attempt to obtain any litigation advantage, or an intentional failure to follow the Court's direction. I accept responsibility, as counsel of record, for Plaintiff's failure to comply with the Jurisdictional Statement Order.

10. Plaintiff had/has no strategic reason to withhold the requested citizenship information. The information was required for the Court to determine whether diversity jurisdiction existed; absent that determination, Plaintiff could not proceed in this Court even after the bankruptcy stay was lifted.

11. On August 21, 2026, the Court entered an order dismissing this action without prejudice because Plaintiff had not responded to the Jurisdictional Order (the "**Dismissal Order**"). ECF 15. The Court entered Judgment that same day. ECF 16.

12. I received notice of the Dismissal Order and Judgment on August 21, 2026. Plaintiff's litigation team promptly reviewed the Dismissal Order, Judgment, Jurisdictional Statement Order, and Stay Order, recognized the error described above, and began corrective work.

13. Upon receipt of the Dismissal Order and Judgment, Plaintiff promptly verified the citizenship of its members as of the date the action commenced. Plaintiff has two members, Tom Smith and David Drabo; each was a citizen and domiciliary of Florida when Plaintiff filed this action on May 22, 2026. The accompanying Supplemental Jurisdictional Statement supplies the required citizenship information. Together with MGVSC's supplemental jurisdictional statement, it establishes complete diversity.

14. Since entry of the Stay Order, no discovery, Rule 26(f) conference, hearing, merits adjudication, collection activity, enforcement activity, or other substantive litigation activity has occurred in this action.

15. The relief Plaintiff requests is deliberately limited. Plaintiff asks the Court to accept its Supplemental Jurisdictional Statement, vacate the Dismissal Order and Judgment, and restore this action to the stayed posture established by the Stay Order. Plaintiff does not seek a determination on the merits, discovery, collection, enforcement, or any modification of the automatic stay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2026, at Farmington Hills, Michigan.

**Clinton Mikel, Esq.**
Attorney for Plaintiff